**SO ORDERED: October 25, 2006.**



_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ROGER DON GWALTNEY, ) | CASE NO. 02-70458-BHL-7 |
|     Debtor. ) | |
| _____) | |
| ROGER DON GWALTNEY, ) | |
|     Plaintiff, Counter-Claim Defendant, ) | |
|     v. ) | ADVERSARY NO. 05-07058 |
| BONNIE GWALTNEY, ) | |
|     Defendant, Counter-Claim Plaintiff. ) | |

**ORDER**

This matter comes before the Court on the **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction** filed August 10, 2006.  The Plaintiff's **Brief in Support of Plaintiff's Motion in Opposition to Dismiss for Lack of Subject Matter Jurisdiction** was filed on September 18.  The issue presented by the Defendant's Motion is whether this Court has jurisdiction, pursuant to the *Rooker-Feldman* doctrine, to grant the relief requested by the Plaintiff in his Complaint.

Background

On July 21, 2005, Plaintiff, Roger Don Gwaltney ["Gwaltney"] filed his Motion to Re-Open Petition of Bankruptcy. After the motion was granted, Gwaltney filed a **Complaint to Determine Dischargeability of Debt Under 11 U.S.C. Section 524 and Enforcement of Discharge Under 11 U.S.C. Section 727** against the Defendant, Bonnie Gwaltney ["Bonnie"], seeking a determination of whether his previous discharge received on June 12, 2002, discharged his debt to Bonnie arising out of a divorce decree from the Gibson Circuit Court. Gwaltney also seeks an injunction against Bonnie for the continued "freeze" on Gwaltney's retirement accounts based on an Order of the Gibson Circuit Court entered on October 8, 1992. **Defendant's Answer to Complaint, Affirmative Defenses and Counterclaim** was filed on or about October 18, 2005.

Discussion

Bonnie asserts that this court lacks subject matter jurisdiction to grant injunctive relief against the continuation of the Gibson Circuit Court Order freezing Gwaltney's retirement accounts based upon the application of the *Rooker-Feldman* doctrine. That doctrine, derived from two Supreme Court cases, bars federal court subject matter jurisdiction over collateral attacks on state court judgments.[1] The scope of the doctrine has been variously defined by the Circuit Courts. The Seventh Circuit, however, has tended to apply the doctrine narrowly and that approach seems to be consistent with the further guidance provided by the Supreme Court in *ExxonMobil Corporation v. Saudi Basic Industries Corporation,* 544 U.S. 280 (2005).

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

This Court has exclusive jurisdiction to determine the dischargeability of a debt and has exclusive jurisdiction to enforce its own discharge injunction. *See, Cox v. Zale Delaware, Inc.*, 239 F.3d 910, 917 (7th Cir. 2001) (bankruptcy court has core jurisdiction to interpret and enforce its orders). Notwithstanding the presence of the qualifying factors cited in *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) for application of the *Rooker-Feldman* doctrine,[2] the doctrine should not apply when the bankruptcy court jurisdiction is exclusive. *See, e.g., In re Jung Sup Lee*, 335 B.R. 130 (9th Cir. BAP 2005); *In re Birting Fisheries, Inc.*, 300 B.R. 489 (9th Cir. BAP 2003); *In re Sweeney*, 276 B.R. 186 (6th Cir. BAP 2002); *In re Siskin*, 258 B.R. 554 (Bankr.E.D.N.Y. 2001). Thus, this is not a case where the *Rooker-Feldman* doctrine applies. The primary reason that this case was reopened was for a declaration of the effect of the Court's prior discharge order.

The bankruptcy court is often called to consider the effect of prior state court judgment in determining the dischargeability of the debt incurred thereby. In such a case, the bankruptcy court may, within the province of its exclusive jurisdiction, determine whether the debt is dischargeable or not. *See, Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 195 (6th Cir. BAP 2002). If this court determines that the debt is subject to discharge, such a determination does in essence *void* the particular state court judgment just as surely as if the state court judgment were set aside. Nevertheless, such effect is consistent with the statutory language, which provides in

---

[2] There are four requirements for application of the *Rooker-Feldman* doctrine: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by the state court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state court judgment must have been rendered before the district court proceedings commenced. The doctrine has no application to federal court suits proceeding in parallel with ongoing state court litigation.

pertinent part as follows:

> <u>A discharge in a case under this title:</u>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. 523(a)(1)-(2). As stated by the Ninth Circuit, "bankruptcy courts are in fact empowered to avoid state judgments, to modify them, and to discharge them." *Grunz v. County of Los Angeles*, 202 F.3d 1074, 1079 (9th Cir. 2000).

Likewise, in *In re Dabrowski*, 257 B.R. 394 (Bankr.S.D.N.Y. 2001), the landlord brought a post-discharge proceeding against the debtor seeking payment of a discharged debt. After the housing court issued a judgment against the debtor, the debtor moved to reopen his bankruptcy case in order to clarify the discharge injunction. The bankruptcy court held that *Rooker-Feldman* did not apply because the underlying state court decision, by failing to honor the discharge injunction, was void. Although the facts of the instant case are somewhat different, the same holding would apply.

For the foregoing reasons, the Court finds that the *Rooker-Feldman* doctrine is inapplicable. This Court does have jurisdiction to hear and determine the allegations of the Plaintiff's Complaint. The **Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction** is, accordingly, **DENIED.**

**IT IS SO ORDERED.**

# # #

4

Distribution:

Mark Everett Watson
Rowdy G. Williams Law Firm
18 S. Fifth Street
Terre Haute, IN 47807

Cory A. Kuhlenschmidt
25 N.W. Riverside Drive, 2nd Floor
P.O. Box 1287
Evansville, IN 47706-1287

Jay A Ziemer
Bowers, Harrison, LLP
25 NW Riverside, 2nd Floor
PO Box 1287
Evansville, IN 47706

Office of U.S. Trustee
101 W. Ohio Street, Suite 1000
Indianapolis, IN 46204